IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **SENTENCING MEMORANDUM** |
| ) | |
| NOAH JAVARIS ABRAHAM, ) | Case No. 1:16-cr-00266 |
| ) | |
| Defendant. ) | |

The Defendant, Noah Abraham, by and through his counsel, Dan Herbel, hereby submits the following sentencing memorandum for consideration. Nineteen (19) year old Noah, asks that the Court show him mercy and leniency, and sentence him in accord with the arguments and principles advanced in this memo.

## I.  FACTUAL BACKGROUND

On October 25, 2016, 18-year-old Noah was arrested after he and Co-Defendant Weaver attempted to collect a $75.00 drug debt.  (Document 17).  Noah was detained for four (4) months[1] until his release to Centre Inc. on February 21, 2017.  (Document 41).

On April 27, 2017, Noah changed his plea to guilty on Count Two.  (Document 60).  The Government agreed to dismiss Count One.

On July 12, 2017, after almost five (5) months[2] at Centre, Inc., Noah was brought back to county jail because of rules violations at Centre.  Abraham did not test positive for drugs and never was in possession of drugs, but he did have several rules violations at Centre for tardiness, not listening to staff, not completing assigned duties, and cleanliness.

---

[1]    One hundred nineteen (119) days.

[2]    On Hundred forty-one (141) days.

1

Noah remains incarcerated in the Stutsman County Jail, Jamestown, ND.  As of the date of sentencing, September 11, 2017, Noah will have served one hundred eighty (180) days of incarceration in a secured county jail facility.[3]

## II.  LAW AND ARGUMENT

A. Offense level

The United States and the defendant, Noah Abraham, entered into a plea agreement where the parties agreed that the base offense level for Noah's conduct is 12, with a 6-level enhancement for conduct evidencing an intent to carry out a threat.  (Document 56, at p.6, ¶¶13-14).  This brings the total offense conduct to 18.

The parties also agreed that Noah would receive a 3-level downward adjustment for acceptance of responsibility, bringing his overall offense level to 15.  (Document 56, at p.6, ¶16).

B. Criminal History Calculation

The Presentence Investigation Report scores Noah's criminal history points at 1, placing him in category I.  (PSI at p.7)

C. Guideline range

Based upon an overall offense level of 15 and a category I criminal history, the advisory guideline range is 18 - 24 months.

D. Advisory sentencing guidelines and requested relief

Following *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160, L.Ed.2d 621 (2005), the Federal Sentencing Guidelines are now advisory.  While 18 U.S.C. § 3553 "still

---

[3]    One hundred nineteen (119) days in Rugby, ND, and sixty-one (61) days in Jamestown, ND.

requires a court to give respectful consideration to the Guidelines, *Booker* "permits the court to tailor the sentence in light of other statutory concerns as well."' *See Kimbrough v. United States,* 552 U.S. 85, 101, 128 S.Ct 558, 169 L.Ed.2d 481 (2007). In fact, "courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines." *See id.*; *see also United States v. Boardman*, 528 F.3d 86, 87 (1st Cir. 2008) ("district judges may deviate from the guidelines even on the basis of categorical policy disagreements with its now-advisory provisions").

At the trial court level, there is no "legal presumption that the Guidelines sentence should apply." *See Rita v. United States*, 551 U.S. 338, 351, 127 S.Ct. 2456 (2007). The "Guidelines are not legally binding." *See United States v. Corner*, 598 F.3d 411, 416 (7th Cir. 2010).

"<u>The judge may determine</u> … that, in the particular case, <u>a within-Guidelines sentence is "greater than necessary"</u> to serve the objectives of sentencing." *See Kimbrough*, 552 U.S. at 91 (citing 18 U.S.C. § 3553(a)) (emphasis added). The sentencing judge "has greater familiarity with ... the individual case and the individual defendant before him than the Commission or the appeals court" and "is therefore in a superior position to find facts and judge their import under § 3353(a) in each particular case." *See id* at 109 (internal quotations omitted). "The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586 (2007).

U.S.S.G. § 5H1.1. allows the Court to depart downward based upon the age of the defendant. In the case at hand, Noah is a 19-year-old young man (18 at the time of the offense), with one criminal history point for a misdemeanor offense. "While age does not excuse behavior, a sentencing court should account for age when inquiring into the conduct of a defendant." *See Gall v. United States*, 552 U.S. 38, 58, 128 S.Ct. 586 (2007). A sentencing

court should account for age because "[i]mmaturity at the time of the offense conduct is not an inconsequential consideration." *See id*. (emphasis added). "[Y]outh is more than a chronological fact. It is a time and condition of life when a person may be most susceptible to influence and to psychological damage'" *Id*.

In this case, 18-year-old Noah was running around with Julian Weaver, the 24-year-old co-defendant. The discovery indicates that both defendants entered the victim's house to collect a petty $75.00 drug debt. Certainly, this is not the conduct of a mature, well-developed adult. Rather, the conduct evidences impulsive and desperate behavior by an individual who just transitioned from juvenile to adult.

Indeed, "all of [Noah's] criminal history including the present offense, occurred when he was [nineteen] years old or younger." *See Gall*, 552 U.S. at 57. This Court can take into account Noah's age and fashion a sentence that provides for rehabilitation and a second chance, without discarding his future. Noah asks that this Court to consider Noah's age at the time of the commission of the offense, and depart downward from the advisory guideline range and fashion a sentence that minimizes or eliminates jail time. At some point soon, continued incarceration is not going to serve any legitimate criminal justice objective.

A district court may vary from the advisory guideline ranges based solely on policy considerations, "including disagreements with the Guidelines." *See Kimbrough,* 552 U.S. at 101. A district court "may determine … that, in the particular case, a within-Guidelines sentence is "greater than necessary" to serve the objectives of sentencing." *See id.* at 91. Counsel asserts this is such a case.

The low end of the guideline range suggests a sentence of 18 months. The advisory guidelines suggest that this Court sentence 18-year-old Noah to one month incarceration for each year he has been alive. Thankfully, the guidelines are advisory, and not mandatory.

Counsel does not believe the answer is to incarcerate into conformity; especially when the defendant is 18-years-old. That approach has never worked. It only hardens the individual society is attempting to rehabilitate.

Noah's counsel asks that he not be locked away and forgotten. Instead, counsel asks that Noah not be given any more jail time. Counsel requests that Noah be given a lengthy period of supervision with the option of imposing intermediate measures. Noah has never had a probation officer, nor has he had a disciplinary figure in his life. Supervision is what Noah needs.

As of the date of sentencing, September 11, 2017, Noah will have served six (6) months incarceration, along with an additional five (5) months at Centre, Inc. Unquestionably, the six (6) months time served in Rugby, ND, and Jamestown, ND, must be credited to Noah, since "time spent in a *jail-type facility* ... as a condition of bail or bond is creditable as jail time because of the greater degree of restraint." *See Moreland v. United States*, 968 F.2d 655, 658 (8th Cir. 1992). The five (5) months in Centre, Inc., is a bit trickier.

Under the Eighth Circuit *Moreland* decision, it is not entirely clear whether Noah is entitled to credit for his time served at Centre, Inc. *See Moreland*, 968 F.2d 655. The equally divided *Moreland* court might well determine that, under the facts of this case, Noah is entitled to that credit.

Noah respectfully requests that this Court look at Noah's time at Centre, Inc., see that he tested clean throughout his term there, grant him credit for his time in Centre, and determine that a longer period of supervision will help Noah learn to follow the rules of life. Alternatively, Noah asks that this Court revisit *Moreland*.

Under *Moreland*, Noah was in "official detention" at Centre Inc., and therefore, he is entitled to credit under 18 U.S.C.A. § 3585(b)(1) for his restricted stay there. Additionally, to disallow sentence credit to Noah for his pretrial time at Centre, Inc,. on the one hand, and to

5

allow sentence credit to a post-sentence detainee who resided at Centre, Inc., under identical conditions on the other hand, would violate the Equal Protection Clause.[4]  "[T]his disparate treatment of similarly situated groups without a rational basis for the disparity violates the Constitution."  See *Moreland*, 968 F.2d at 666.

Noah asks that he be credited with eleven (11) months time served, and that he be sentenced to time served.  Noah also asks that this Court place him on supervised release for three (3) years.

Here, the "guidelines drove the offense level to a point higher than is necessary to do justice in this case."  See *Kimbrough*, 552 U.S. at 111.  Fashioning a sentence of time served would give 18-year-old Noah a second chance opportunity to make things right, rehabilitate, forge a new life, and become a productive member of society.  Noah asks for leniency and a second chance.

### III.  CONCLUSION

The Defendant, Noah Abraham, hereby respectfully requests relief as herein stated.

Respectfully submitted
this 5th day of September, 2017.

/s/  *Dan Herbel*

———————————————————
Dan Herbel
Attorney for Noah Javaris Abraham
ND State Bar ID # 05769

Herbel Law Firm
The Regency Business Center
3333 East Broadway Avenue, Suite 1205
Bismarck, ND 58501
Phone: (701) 323-0123
herbellawfirm@yahoo.com

---

[4]  "[T]he Due Process Clause of the Fifth Amendment contains an equal protection component prohibiting the United States from invidiously discriminating between individuals or groups."  See *Washington v. Davis*, 426 U.S. 229, 239, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976).

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on September 5, 2017, a true and correct copy of SENTENCING MEMORANDUM was electronically filed with the Clerk of District Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

Electronic case filing to: < Jonathan.OKonek@usdoj.gov >

                Jonathan O'Konek
                Office of the United States Attorney

Dated this 5th day of September, 2017.

                                      /s/ *Dan Herbel*
                                      _____
                                        Dan Herbel
                                        Attorney for Noah Javaris Abraham
                                        ND State Bar ID # 05769

                                        Herbel Law Firm
                                        The Regency Business Center
                                        3333 East Broadway Avenue, Suite 1205
                                        Bismarck, ND 58501
                                        Phone: (701) 323-0123
                                        herbellawfirm@yahoo.com